UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL J.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C18-5428-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff Daniel J. seeks review of the denial of his Supplemental Security Income application. He contends that the ALJ erred in evaluating the medical evidence, his testimony, and the lay witness evidence, and that the resulting residual functional capacity finding and finding of nondisability are thus erroneous. Dkt. 18. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 53 years old, has a high school education, and does not have past relevant work. Tr. 225, 247, 255. He applied for benefits in January 2015, alleging disability as of July 2001; he later amended his alleged onset date to January 28, 2015, the date he filed his application. Tr. 223, 255. After his application was denied initially and on reconsideration, the

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

ALJ conducted a hearing and, on April 28, 2017, issued a decision finding plaintiff not disabled. Tr. 22-37. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.[1] Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; he had the following severe impairments: cervical spine degenerative disc disease, lumbar spine degenerative disc disease, and bilateral carpal tunnel syndrome, status post release surgeries; and these impairments did not meet or equal the requirements of a listed impairment.[3] Tr. 24-26. The ALJ found that plaintiff had the residual functional capacity to perform light work with additional postural, manipulative, and environmental limitations. Tr. 27. The ALJ found that plaintiff had no past relevant work, but, as there were jobs that existed in significant numbers in the national economy that plaintiff could perform, he was not disabled. Tr. 35-37.

## DISCUSSION

### A. Medical evidence

Plaintiff argues that the ALJ failed to properly evaluate the medical evidence. In general, the ALJ must give specific and legitimate reasons for rejecting a treating or examining doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting a

---

[1] Plaintiff relates that he filed a previous disability claim in September 2011, and that that claim was under appeal when the ALJ issued the decision in this case. On December 13, 2017, the Ninth Circuit remanded that claim for a new hearing. Plaintiff states that although the claim at issue in this case was before the Appeals Council at the time the Ninth Circuit remanded the other claim, the Appeals Council did not consolidate the claims. *See* Dkt. 18 at 1 n. 1; ex. 1.

[2] 20 C.F.R. § 416.920.

[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

treating or examining doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

   *1.    Dr. Lang and evidence prior to December 2014*

In January 2014, Robert Lang, M.D., plaintiff's treating neurosurgeon, diagnosed plaintiff with uncontrolled carpal tunnel syndrome. Tr. 385. He noted that an EMG nerve conduction study from October 2013 was positive for slight worsening of carpal tunnel syndrome in both wrists. *Id.* Dr. Lang opined that plaintiff had persistent bilateral carpal tunnel syndrome despite bilateral open carpal tunnel release with internal neurolysis. *Id.*

By March 2014, Dr. Lang noted that plaintiff had residual discomfort following his carpal tunnel release surgery and he did not benefit from injections. Tr. 394. He opined that plaintiff was quite incapacitated by his ongoing discomfort. *Id.* Dr. Lang stated that while plaintiff should follow up if his symptoms worsened, he had no additional treatment recommendations at that time. *Id.* Dr. Lang opined that plaintiff was unable to work full-time because of his ongoing discomfort and objective clinical findings, including weakness in his hands and inability to fully oppose thumb to little finger, and he recommended approval of Social Security disability. *Id.*

The ALJ did not address Dr. Lang's treatment notes or the opinions contained therein. Plaintiff argues that this is harmful legal error, as the ALJ cannot disregard without explanation the findings and opinions of a treating specialist, especially where those findings and opinions contradict the ALJ's residual functional capacity assessment. Dkt. 18 at 4. Plaintiff also identifies treatment notes from other providers dated March 2014 through October 2014, and asserts that the ALJ also erred by failing to discuss these notes. *Id.*

The Commissioner responds that the evidence plaintiff cites to is from more than a year before the alleged onset date and, for this reason, is not significant and probative evidence that the ALJ is required to discuss. Dkt. 19 at 13. This statement is misleading at best. The earliest treatment note from Dr. Lang that plaintiff identifies is dated January 15, 2014, which is one year and 13 days before the alleged onset date. Dr. Lang's March 2014 note is from eight months before the alleged onset date. Even if the ALJ could properly discount the January 15, 2014 treatment note because it was dated more than a year before the alleged onset date, all the other evidence plaintiff identifies does not fall within this timeframe.

Moreover, the nature of the opinions contained in Dr. Lang's treatment notes undermine the Commissioner's argument that they are not relevant or probative to plaintiff's current claim. Dr. Lang provided follow-up treatment after plaintiff's carpal tunnel surgery; he found that the surgery did not provide relief of plaintiff's ongoing discomfort and that injections did not confer more than a temporary benefit. He opined that there were no further treatment options available to plaintiff. These notes show unsuccessful treatment attempts and a lack of additional treatment options in the period leading up to the alleged onset date. This is the kind of significant and probative evidence the ALJ must discuss. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Finally, any reasons the Commissioner puts forth for rejecting these opinions now are improper post hoc rationalizations. The court cannot rely on such rationalizations to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The ALJ should have considered Dr. Lang's treatment notes and the opinions contained therein, and committed harmful error in not doing so. The Commissioner cannot now cure that error by proposing post hoc rationales for rejecting them.

The court therefore finds that the ALJ's failure to consider the evidence from Dr. Lang was harmful legal error and that remand for further administrative proceedings to consider this evidence is the proper remedy. The court finds that in light of this error, the ALJ must also reevaluate the other evidence pertaining to plaintiff's carpal tunnel syndrome and its limiting effects. The court will address plaintiff's specific claims relating to this and other evidence below.

The Commissioner further argues, with respect to the treatment notes from other providers that plaintiff identifies in this section, that the ALJ does not need to mention every single treatment note for the decision to be valid and supported by substantial evidence. Dkt. 13 at 13. The court agrees that the ALJ does not err by failing to discuss each and every treatment note in the record. And plaintiff has merely identified treatment notes the ALJ failed to discuss without providing any argument or analysis related to them. The court will not direct the ALJ to discuss each treatment note plaintiff identifies. However, the ALJ must consider and evaluate all the evidence in the record. The ALJ's failure to discuss any evidence from this time leaves the court unable to conclude that the ALJ did so. Therefore, on remand, the ALJ should take care to consider all the evidence in the record, and should discuss the evidence, including evidence that predates the alleged onset date, to the extent the ALJ deems it necessary to establish that the decision is supported by substantial evidence.

*2.    Dr. Krueger*

Keith Krueger, Ph.D., examined plaintiff in December 2014. He diagnosed dysthemic disorder and personality disorder, and assigned plaintiff a GAF score of 58, indicating moderate symptoms or moderate difficulties in social, occupational, or school functioning. Tr. 499-500; Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), 34

(4th ed. text rev. 1994). Dr. Krueger opined that plaintiff had none or mild limitations in following short and simple directions, making simple work-related decisions, being aware of normal hazards and taking appropriate precautions, and asking simple questions and requesting assistance, and moderate limitations in all other mental functioning categories. Tr. 500.

The ALJ found that although Dr. Krueger had the chance to examine plaintiff in forming his opinion, his opinion about plaintiff's mental functioning was grossly inconsistent with the overall medical evidence, including plaintiff's minimal mental health complaints and unremarkable performance during the evaluation, as well as the fact that plaintiff had not received any treatment for his mental health complaints during the relevant period. Tr. 34. The ALJ therefore gave Dr. Krueger's opinion little weight. *Id.*

Plaintiff argues that, contrary to the ALJ's finding, Dr. Krueger's opinion is consistent with his clinical observations, the ALJ did not identify any "overall evidence" that contradicted the opinion, and the fact that plaintiff did not seek mental health treatment does not prove that he was not experiencing the symptoms Dr. Krueger observed or the limitations he opined. Dkt. 18 at 5.

An ALJ may give less weight to a doctor's opinion that is inconsistent with other evidence in the record. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999). Here, the ALJ stated that the "overall evidence" she found inconsistent with Dr. Krueger's opinion included the minimal mental health complaints and plaintiff's unremarkable performance during the evaluation. The ALJ sufficiently identified the evidence she found to be inconsistent with Dr. Krueger's opinion to allow the court to review this finding. And while plaintiff asserts that Dr. Krueger's opinion is consistent with his clinical observations, he does not establish that the ALJ's interpretation of these findings was unreasonable; rather, plaintiff merely proposes an

alternative interpretation. Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that the court must uphold. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). As that is the care here, the court may not disturb the ALJ's finding. Finally, the ALJ did not find that plaintiff's lack of mental health treatment proved anything; she found that it was inconsistent with the level of impairment Dr. Krueger opined. Again, this was a rational interpretation of the evidence that the court may not disturb. Overall, the ALJ gave specific and legitimate reasons, supported by substantial evidence, to give Dr. Krueger's opinion little weight, and the court may not disturb that assessment.

        C.      Mr. Welsh

Howard Welsh, ARNP, examined plaintiff in December 2014 and opined that plaintiff could stand 2 to 4 hours in an 8-hour workday and lift 40 pounds occasionally and 10 pounds frequently; he stated that plaintiff's overall work level was light to medium. Tr. 510, 514. In response to the question "Does the patient have restrictions on gross or fine motor skills?", Mr. Welsh answered, "Carpal tunnel syndrome but has strong pincer strength." Tr. 510.

The ALJ found that Mr. Welsh had the chance to examine plaintiff in forming an opinion, but his opinion regarding plaintiff's physical functioning was only somewhat consistent with the overall medical evidence of record, including the treatment notes. Tr. 34. The ALJ found that although the medical evidence showed that plaintiff's pain was controlled with medications, the combination of his physical impairments indicated that a limited light level work activity was a more appropriate restriction than the light to medium level Mr. Welsh opined. *Id.* The ALJ therefore gave Mr. Welsh's opinion partial weight. *Id.*

Plaintiff argues that the ALJ did not explain why she did not accept Mr. Welsh's opinion that plaintiff could stand for only 2 to 4 hours in an 8-hour workday and he has carpal tunnel

syndrome that affects his gross or fine motor skills. Dkt. 18 at 6. But the ALJ explained her reasons for giving the opinion partial weight, and plaintiff does not challenge those reasons. Having decided to give the opinion limited weight, the ALJ was not required to give separate reasons for rejecting each component of the opinion. The court finds no error in the ALJ's assessment of Mr. Welsh's opinion. However, the ALJ should reevaluate this opinion in light of the Court's instructions to evaluate the impact of Dr. Lang's opinion and the medical evidence related to plaintiff's carpal tunnel syndrome in general.

### D. Other medical evidence

Plaintiff describes various treatment notes from treating providers Harvey Hall, ARNP, and Erin Henderson, ARNP. Dkt. 18 at 6-7. He then states that, while these providers did not give opinions about plaintiff's functional limitations, their treatment notes and the fact that they continued to prescribe pain medications to plaintiff provide objective support for plaintiff's testimony about his symptoms and limitations. *Id.* at 7. But merely pointing to the existence of evidence and asserting that it supports plaintiff's testimony does not establish that the ALJ erred in evaluating the medical evidence. Plaintiff has not shown that the evidence he discusses undermines the ALJ's interpretation of the evidence, or that the ALJ's interpretation of the evidence was irrational. The court finds no error in relation to this evidence. However, the ALJ should reevaluate this evidence as the ALJ deems necessary in light of the court's remand instructions.

### E. Dr. Leinenbach

Derek Leinenbach, M.D., examined plaintiff in July 2016 and opined that plaintiff was limited to lifting and carrying 10 pounds frequently and 50 pounds occasionally, that he could sit, stand, and walk each for 6 hours total in an 8-hour workday, and had various other postural

and environmental limitations. Tr. 737-42. The ALJ found that while Dr. Leinenbach was knowledgeable of the SSA disability program and had a chance to examine plaintiff in forming his opinion, and his opinion was somewhat consistent with the overall medical evidence of record, the weight of the evidence supported a finding that limited light level work activity with manipulative restrictions was a more appropriate level of activity given plaintiff's impairments and testimony at the hearing. Tr. 35. The ALJ thus gave Dr. Leinenbach's opinion limited weight. *Id.*

Plaintiff states that Dr. Leinenbach's opinion is indeed inconsistent with the other evidence, pointing to his finding of positive Phalen's and Tinel's tests in both wrists and reduced range of motion and tenderness to palpation. Dkt. 18 at 7. But he does not make an argument or identify an error in the ALJ's assessment of this opinion. The court finds no error in the ALJ's assessment of this opinion. However, as with the other evidence relating to plaintiff's carpal tunnel syndrome, the ALJ should reevaluate this opinion as the ALJ deems necessary in light of the court's remand instructions.

F. *Dr. Kwok*

Non-examining medical expert John Kwok, M.D., completed interrogatories in December 2016 in which he opined that plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, could sit for 8, stand for 6, and walk for 6 hours in an 8-hour workday, and had additional manipulative, postural, and environmental limitations. Tr. 761-65.

The ALJ found that Dr. Kwok is knowledgeable of the SSA disability program and had a chance to review plaintiff's medical records in forming his opinion, and that his opinion regarding plaintiff's ability to perform a limited level of light work was generally consistent with the overall medical evidence of record, but the weight of the evidence supported a finding that

manipulative restrictions were appropriate given plaintiff's impairments and testimony at the hearing. Tr. 35. The ALJ therefore gave Dr. Kwok's opinion partial weight. *Id.*

Plaintiff argues that Dr. Kwok's opinion is not in fact consistent with the weight of the evidence, including the opinions of Dr. Lang and Mr. Welsh, the clinical findings of plaintiff's treatment providers, and plaintiff's testimony. Dkt. 18 at 8. The court concludes that, as with the other medical opinions regarding the impact of plaintiff's physical impairments, the ALJ should reevaluate the weight to be given to this opinion in light of the court's remand instructions.

**B.     Plaintiff's testimony**

Plaintiff argues that the ALJ failed to properly evaluate his testimony. Dkt. 18 at 9. The ALJ did not find that plaintiff was malingering and was thus required to provide clear and convincing reasons to reject his testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3 at 834.

The ALJ found that plaintiff's statements were not entirely consistent with the medical evidence and other evidence in the record. Tr. 28. Plaintiff argues that the ALJ's failure to properly evaluate the objective medical evidence taints the ALJ's evaluation of plaintiff's testimony. Dkt. 18 at 9. The court agrees that the ALJ's failure to evaluate the evidence from Dr. Lang and apparent failure to consider any evidence from before the alleged onset date leaves the ALJ's finding that plaintiff's testimony is inconsistent with the objective unsupported by substantial evidence. This is particularly true where the ALJ discounted plaintiff's testimony in part because the ALJ found that plaintiff received only minimal, conservative treatment for his physical impairments. Tr. 32. This finding fails to account for the surgery plaintiff underwent for

carpal tunnel syndrome and Dr. Lang's opinion that the surgery did not relieve plaintiff's discomfort and there were no further treatment options available. The ALJ's failure to consider this medical evidence led to harmful error in the ALJ's evaluation of plaintiff's testimony. The court therefore directs the ALJ to reevaluate plaintiff's testimony on remand.

### C. Lay witness evidence

Plaintiff argues that the ALJ erred by failing to address the observation of a DSHS SSI facilitator. Dkt. 18 at 16. In January 2015, facilitator Sue Newkirk observed that plaintiff's gait was somewhat slow walking to and from her workstation, he had to rise and stand several times during the appointment indicating he was in pain, and he physically manipulated his neck making audible cracking noises. Tr. 269.

The ALJ must take into account lay testimony about a claimant's symptoms, unless the ALJ expressly determines to disregard such testimony and gives specific, germane reasons for doing so. *See Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). Here, the ALJ did not discuss Ms. Newkirk's observations or give any reasons for discounting them. However, the court finds that this statement is neither significant nor probative such that the ALJ's failure to comment on it is harmful error. However, the ALJ should reevaluate this evidence as the ALJ deems necessary in light of the court's remand instructions.

### D. RFC and step five findings

Plaintiff argues that the ALJ's RFC finding is legally erroneous and not supported by substantial evidence. Dkt. 18 at 16. He argues that the RFC finding should incorporate the limitations described by Dr. Lang, Mr. Welsh, Dr. Krueger, Ms. Newkirk, and plaintiff's own testimony. *Id.* The court agrees that the errors the court has identified above render the ALJ's RFC finding and the finding of nondisability based on it erroneous. However, the court declines

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 11

to direct the ALJ to credit any evidence as true or to incorporate any particular limitations. Rather, the ALJ shall reevaluate the evidence as directed above, formulate a new RFC finding based on that reevaluation.

Plaintiff asks the court to order the Commissioner to consolidate this claim with plaintiff's prior claim, so that a single hearing can be held "in the interest of judicial efficiency." Dkt. 18 at 18. The court declines to direct the Commissioner to take such action. However, the Commissioner may consider whether consolidation of the claims is appropriate and take any such action the Commissioner deems appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall evaluate the medical evidence from Dr. Lang and the other evidence from before the alleged onset date, and shall reevaluate the evidence relating to plaintiff's carpal tunnel syndrome and plaintiff's testimony. The ALJ shall further develop the administrative record, reevaluate plaintiff's residual functional capacity, and redo the five-step disability evaluation process as the ALJ deems necessary and appropriate to make a new decision in this case.

DATED this 16th day of April, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge